# EXHIBIT 2

## IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSISSIPPI

**LISA MILLER**  **PLAINTIFF**

**VERSUS**  CAUSE NO. 25-220(KJ)

FILED
SEP 29 2025
RANDY CARNEY, CLERK
BY_____D.C.

**LOWE'S HOME CENTERS, LLC**  **DEFENDANT**

### COMPLAINT

### (JURY TRIAL REQUESTED)

COMES NOW Plaintiff, Lisa Miller, by and through her attorneys of record, Wetzel Law Firm, and files herewith her Complaint against the Defendant, Lowe's Home Centers, LLC, and in support of said claim for relief would show unto this Honorable Court as follows:

I.

That the Plaintiff, Lisa Miller, is an adult resident citizen of Jackson County, Mississippi.

II.

That the Defendant, Lowe's Home Centers, LLC, is a corporation authorized to do business in the State of Mississippi, and is currently in good standing, and may be served with process through its registered agent, Corporation Service Company, at 109 Executive Drive, Suite 3, Madison, Mississippi 39110.

III.

This cause of action occurred or accrued in Jackson County, Mississippi and pursuant to the provisions of Mississippi Code Annotated §11-11-3 1972, as amended, this Honorable Court has jurisdiction of same.

IV.

That the Defendant, Lowe's Home Centers, LLC, is operating a business known as

Lowe's located in Pascagoula, Mississippi, which business is open to the general public for the purpose of purchasing items.

IV.

Plaintiff would show that on or about June 5, 2023, at or about 12:30 p.m., she was a guest patron at the Lowe's in Pascagoula, Mississippi. Plaintiff would show that she was standing under the garage door in the contractor's area when suddenly and without warning, an unknown female employee was pushing and holding the button to lower the garage door, unbeknownst to the Plaintiff, causing the garage door to violently strike the Plaintiff's head. That at said time and place, the Plaintiff was lawfully and properly on the premises of the Defendant's property in answer to the express or implied invitation of the Defendant for the purpose of purchasing items at the premises, and as such, was a business invitee of the Defendant.

V.

That your Plaintiff would show that it is the duty of the Defendant to use ordinary care and diligence to protect those business invitees, including your Plaintiff, Lisa Miller, from conditions which are dangerous and which may potentially cause injury on the premises of Defendant, Lowe's Home Centers, LLC's, store. Plaintiff would show that the Defendant, Lowe's Home Centers, LLC, LP, is responsible for the operation and maintenance of its store located in Pascagoula, Mississippi, and in particular to use ordinary care and diligence in the operation of its garage doors/doors in its store, which its patrons constantly walk through during the course of its days business, and to maintain said garage doors/doors in such a manner as to be free from all defects and conditions which would render Defendant, Lowe's Home Centers, LLC's business dangerous and unsafe for those business invitees, including your Plaintiff, or

present an unreasonable risk of harm to the Plaintiff, Lisa Miller, in her lawful use of the premises.

VI.

Plaintiff would further show that it was the duty of the Defendant, by inspection or other affirmative act, to exercise reasonable care to protect the Plaintiff from the danger of reasonably foreseeable injury from occurring from reasonably foreseeable occurrences involving the garage doors/doors of said store and that it is further the duty of the Defendant to exercise reasonable care to protect the Plaintiff, Lisa Miller, either by inspection or other affirmative acts, to insure that safety is maintained on its garage doors and to exercise reasonable care to protect the Plaintiff from injuries resulting from negligent and unsafe conditions present in the store, and in particular the unsafe garage door in the construction area, which caused a dangerous and unsafe condition on Defendant, Lowe's Home Centers, LLC's premises.

VII.

Plaintiff would further show that it was the duty of the Defendant to have sufficient personnel and equipment to properly inspect and maintain the premises in a manner and condition reasonably safe for business invitees. Further, Plaintiff would show that it was the duty of the Defendant to warn the Plaintiff of the dangerous conditions posed by the unsafe garage door, and to warn Plaintiff, Lisa Miller, that the garage door was unsafe, and that Defendant, by and through its employees, while in the course and scope of their employment, carelessly failed to (1) maintain said garage door, or (2) failed to warn of the unsafe garage door for the use of such individuals, such as the Plaintiff, Lisa Miller.

## VIII.

Plaintiff would allege that the unsafe condition of the garage door by the maintenance and/or handling was known by the Defendant and the Defendant's employees, agents and servants, or in the exercise of reasonable care, should have known of the accumulation of debris, and that said Defendant, employees, agents and/or servants failed to remove or warn of the unsafe condition of the garage door prior to the injuries to the Plaintiff, Lisa Miller.

## IX.

Plaintiff would state that the Defendant's negligence proximately caused or proximately contributed to cause Plaintiff, Lisa Miller's, injuries and damages. Plaintiff states that the Defendant failed to perform certain legal duties owed to your Plaintiff, including, but not limited to the follows:

1. The Defendant failed to use ordinary care to have the premises on which the Defendant operates its business in a reasonably safe condition for use in manner consistent with the Defendant's invitation to Plaintiff as a business invitee;

2. The Defendant failed to warn the Plaintiff, Lisa Miller, of the unsafe condition of the garage door and failed to warn the Plaintiff of the danger posed by said garage door in allowing a dangerous

and unsafe condition to exist on the Defendant's premises;

3. The Defendant failed to exercise reasonable care to protect the Plaintiff by performing reasonable inspections or other affirmative acts from the danger of reasonable or foreseeable injury occurring from the reasonably foreseeable use of the walking under the garage door, which was known or should have been known to the Defendant;

4. The Defendant failed to use reasonable care to provide a place of business which was free from dangerous conditions, and that the Defendant, by breach of those duties, thereby exposed Plaintiff to an unreasonable risk;

5. Other aspects to be shown at trial.

## X.

Plaintiff would show that as a direct and proximate result of the negligence of the Defendant, as previously set forth, the Plaintiff, Lisa Miller, while on the Defendant, Lowe's Home Centers, LLC's, premises, at the express or implied invitation of the Defendant, sustained injuries which were proximately caused by the aforesaid acts of negligence of the Defendant. In particular, Plaintiff, Lisa Miller, has sustained the following:

a. severe and permanent injuries to her head, neck and right side;

b. medical bills in the past, and will in the future incur medical bills, including but not limited to, amounts for hospital care, doctors' care, medicines and drugs, and other out-of-pocket expenses. Plaintiff reserves the right to submit the total amount of medical bills at trial.

c. restricted in all other physical activities in which she was involved prior to sustaining the injuries in questions;

d. Pain and suffering, mental anguish, emotional distress;

e. Physical disability, either total or partial, consisting of total and/or partial loss of certain bodily functions; and

5

  f. Lost wages.

## XI.

Plaintiffs would also allege the doctrine of *res ipsa loquitur* is applicable to the facts

WHEREFORE, PREMISES CONSIDERED, Plaintiff hereby sues and demands judgment of and from the Defendant in an amount to be determined by a jury of this Honorable Court, together with pre- and post-judgment interest and costs, attorney fees, costs, any other remedies which this court deems proper, and punitive damages.

RESPECTFULLY SUBMITTED, this the 28th day of September, 2025.

LISA MILLER, Plaintiff

By: _____
JAMES K. WETZEL

WETZEL LAW FIRM
James K. Wetzel (MS Bar #7122)
jkwetzel@wetzellawfirm.com
Garner J. Wetzel (MS Bar #103596)
gjwetzel@wetzellawfirm.com
Post Office Box I
Gulfport, MS 39502
(228) 864-6400 (ofc)
(228) 863-1793 (fax)
ATTORNEYS FOR PLAINTIFF

6